UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-5538-RAO Date: October 9, 2026
Title: G.A. v. Ernesto Santacruz, et al.

Present: The Honorable ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE

| C. Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, currently in immigration custody and represented by counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, on September 21, 2026. Dkt. No. 1 ("Pet."). Respondents filed an Answer on September 29, 2026. Dkt. No. 9 ("Ans."). Petitioner filed a Reply on October 2, 2026. Dkt. No. 11 ("Reply").

The Court recites the factual allegations in the Petition, which Respondents do not challenge:

Petitioner, a citizen of Russia, arrived in this country in May 2024. U.S. Customs and Border Protection inspected him and paroled him into the country under class of admission "DT," authorized to stay through May 2, 2026. Shortly after his arrival, Petitioner applied for asylum and withholding of removal, listing his wife and minor child as derivative family members. This application remains pending. On the basis of the pending application, U.S. Citizenship and Immigration Services issued Petitioner an Employment Authorization Document, valid from January 12, 2026 through July 11, 2027. Since 2024, Petitioner has worked with federal authorization as an auto electrician and mechanic and has filed and paid taxes. In May 2025, ICE directed Petitioner to appear at its Santa Ana office, which Petitioner did. ICE officers reviewed his documents, interviewed him, and released him on an Order of Release on Recognizance ("OREC"). The OREC states that Petitioner had

been arrested and placed in removal proceedings and that he was being released in accordance with "section 236 of the Immigration and Nationality Act." ICE officers then enrolled Petition in the ATD program and directed him to report to the Intensive Supervision Appearance Program (ISAP). From May 2025 through Petitioner's detention on September 16, 2026, Petitioner complied with every condition of release.

On August 6, 2026, Petitioner was arrested for a violation of California Vehicle Code § 4463. Petitioner was released on bond on August 7, 2026, and returned to work. The criminal matter is pending in Orange County Superior Court. On August 6, 2026, ICE issued an immigration detainer for Petitioner. The same date, a warrant for Petitioner's arrest was signed. At his next ISAP check in, Petitioner informed the immigration officers of his arrest. He was told to report on September 16, 2026, to review documents relating to his arrest. Although Petitioner understood that ICE might detain him, Petitioner appeared for his appointment on September 16, 2026. ICE officers arrested Petitioner at that appointment. Petitioner did not receive any prior notice that his release was under review and he was not provided with an opportunity to respond prior to being detained.

The Petition asserts a procedural due process claim. *Id.* at 13-16. Petitioner seeks relief in the form of immediate release and that he be placed on the same conditions that existed before his September 16, 2026 detention. *Id.* at 27-28.

A writ of habeas corpus may be granted to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Petitioner claims his detention without a pre-detention hearing violates the Fifth Amendment and his rights to procedural due process. Pet. at 13-14. Procedural due process claims follow a two-step framework: First, determine whether an individual has a protected liberty interest; second, examine what procedures are necessary to ensure that any deprivation of that interest is constitutional. *See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 5:26-cv-5538-RAO | Date: | October 9, 2026 |
| Title: | G.A. v. Ernesto Santacruz, et al. | | |

*Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022). In analyzing the second step, many courts have turned to the factors outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022). Those factors consider (1) the private interest affected, (2) the risk of an erroneous deprivation of that interest, and (3) the government's interest involved, including any fiscal or administrative burden that additional procedures would entail. *Matthews*, 424 U.S. at 335.

Like numerous other courts, the Court finds that Petitioner retains a general liberty interest in freedom from detention. *See Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment . . . lies at the heart of the liberty [that due process] protects."). The Ninth Circuit has expressed "grave doubts" regarding the constitutionality of "arbitrary prolonged detention[s] without any process." *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018). Here, Petitioner was released by immigration authorities after he arrived in this country in May 2024. As set forth in the Petition, Petitioner has established strong ties in his community, has secured steady employment, and pays his taxes. Respondents do not contradict or challenge these facts. Thus, Petitioner has acquired a protected liberty interest. Determining what process the government should afford him turns on a *Mathews* analysis.

Applying the *Mathews* facts, first, Petitioner has a substantial private interest in his own liberty that is adversely affected by his current detention. Second, the risk of erroneous deprivation is high given that Petitioner has not received any opportunity to be heard as to the justification of his detention, either pre- or post-deprivation of liberty. Because civil immigration detention is "nonpunitive in purpose and effect," justification for the current detention must outweigh Petitioner's protected liberty interest for detention to pass muster under due process. *See Yovani v. Warden of the Central Valley Annex Detention Facility,* 2026 WL 2168402, at *4 (E.D. Cal. July 27, 2026). Third and last, although the government has an interest in enforcing immigration laws and in public safety, its interest in detaining Petitioner without a procedural safeguards is "low." *See Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). As

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 5:26-cv-5538-RAO | Date: | October 9, 2026 |
| Title: | G.A. v. Ernesto Santacruz, et al. | | |

numerous courts have observed, detention hearings in immigration courts are routine and impose a "minimal cost." *Doe*, 787 F. Supp. 3d at 1094.

In sum, the Court finds that the *Mathews* factors weigh in favor of a finding that Petitioner was entitled to more process than he received. The Court concludes that the remedy for the due process violation is Petitioner's immediate release. While this Court previously has found that post-detention bond hearings can be an appropriate remedy for the constitutional harm suffered by other non-citizens similarly situated to Petitioner, it is persuaded by the growing body of case law in this District and across the Ninth Circuit that the constitutional deprivation here warrants a stronger corrective measure. Petitioner has built a life in this country and established strong community ties. The Court does not find the pending vehicular code matter pending in state court, alleging false temporary paper plates, warrants a more conservative remedy, *i.e.*, the ordering of a bond hearing, to cure the constitutional deprivation that has occurred—the pending charge does not raise concerns about danger or risk of flight.

For the reasons set forth above, the Court GRANTS the Petition and ORDERS as follows:

1. Respondents must IMMEDIATELY RELEASE Petitioner G.A. (A#244-516-717). At the time of release, Respondents must return Petitioner's documents and possessions. Respondents must file a notice of compliance within 2 business days of this Order.
2. Respondents are ENJOINED from re-detaining Petitioner absent strict compliance with the requirements of due process and all applicable statutes and regulations.
3. The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

**IT IS SO ORDERED.**